UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jamal Damon Hendrix, <br><br> Plaintiff <br> v. <br><br> Davis, et al., <br><br> Defendants | Case No.: 2:23-cv-00086-CDS-EJY <br><br> **Order Granting in Part and Denying in Part Plaintiff's Motion Requesting Leave to Substitute the Names of the Defendants** <br><br> [ECF No. 10] |

  Plaintiff Jamal Hendrix has filed a motion requesting leave to substitute the names of the defendants.[1] ECF No. 10. On May 1, 2023, I entered a screening order, which allowed multiple claims to proceed against named and "Doe" defendants. ECF No. 4 at 17–18. In his motion, Hendrix seeks to provide the actual names of Jane Doe 2 and Jane Doe 3. ECF No. 10 at 4. In addition, Hendrix states that he is attempting to supplement claim III of the complaint (ECF No. 5 at 19) by adding 13 more named defendants. *Id.* at 4–8. Hendrix, however, did not specifically name these defendants in the complaint, nor has he filed a motion to amend the complaint. Instead, in claim III of the complaint, Hendrix merely states that "unknown correctional officers" subjected him to unsanitary and inadequate food while incarcerated at Southern Desert Correctional Center (SDCC). ECF No. 5 at 19.

  I grant in part and deny in part Hendrix's motion. ECF No. 10. I will allow plaintiff to substitute "Bonna" for Jane Doe 2 and "Angel" for Jane Doe 3. Therefore, plaintiff's Fourteenth Amendment equal protection claim, and First Amendment retaliation claim in claim V of the complaint will proceed against defendants Bonna and Angel. *See* ECF No. 4 at 18. I will reiterate the colorable claims that I allowed to proceed on screening in the conclusion of this order.

---

[1] I note that plaintiff previously filed a document at ECF No. 8 that he labeled as a supplemental complaint that attempted to accomplish the same thing as his current motion before the court. The supplement document (ECF No. 8) is not a supplemental complaint because it does not attempt to set out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The supplemental document merely attempted to add more named defendants.

However, I deny Hendrix's request to add 13 named defendants to claim III of the complaint. While Hendrix attempts to name the 13 unknown correctional officers, he does not list these unknown officers as Doe defendants nor does he provide any allegations that would allow me to consider if there are colorable claims against them. I cannot allow Hendrix to amend the complaint in this fashion.

Accordingly, I hereby order that Hendrix's motion requesting leave to substitute the names of the defendants **[ECF No. 10] is granted in part and denied in part**.

I further order that plaintiff may substitute "Bonna" for Jane Doe 2 and "Angel" for Jane Doe 3 in claim V of the complaint.

I further order that plaintiff's request to add 13 named defendants to claim III of the complaint is denied without prejudice.

I further order that plaintiff's First Amendment retaliation claim in claim I will proceed against defendant Currier.

I further order that plaintiff's First Amendment free exercise claim in claim II will proceed against defendants Hutchings, Daniels, Nash, Burse, and Dreesen.

I further order that plaintiff's Fourteenth Amendment equal protection claim in claim II will proceed against Defendants Nash, Burse, and Dreesen.

I further order that plaintiff's First Amendment retaliation claim in claim II will proceed against defendant Currier.

I further order that plaintiff's Eighth Amendment conditions of confinement claim in claim III will proceed against defendants Willet, Reyes, Nash, Dreesen, Hutchings, Nejara, Currier, Davis, Fonseca, Tam, Romero, Alvarado, and John Doe 1, when plaintiff learns his identity.

I further order that plaintiff's First Amendment retaliation claim in claim III will proceed against defendant Currier.

I further order that plaintiff's Fourteenth Amendment equal protection claim in claim IV will proceed against defendants Currier, Nash, B. Williams, M. Williams, and Daniels.

I further order that plaintiff's First Amendment retaliation claim in claim IV will proceed against defendant Currier, Nash, B. Williams, M. Williams, and Daniels.

I further order that plaintiff's Fourteenth Amendment equal protection claim in claim V will proceed against defendants Angel, Bonna, Granados, and John Doe 2, when plaintiff learns his identity.

I further order that plaintiff's First Amendment retaliation claim in claim V will proceed against defendants Angel, Bonna, Granados, and John Doe 2, when plaintiff learns his identity.

I further order that plaintiff's First Amendment retaliation claim in claim VI will proceed against defendants Currier, Nejara, and Carlman.

I further order that plaintiff's Fourteenth Amendment denial of access to the courts claim in claim VII will proceed against defendants Espinoza, Bryce, and Currier.

I further order that plaintiff's First Amendment retaliation claim in claim VII will proceed against defendants Espinoza, Bryce, and Currier.

Dated: August 28, 2023

_____
UNITED STATES DISTRICT JUDGE